## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**DARREN LAMONT KEYS,**          )
                                 )
　　　　Plaintiff,               )
                                 )
　　v.                           )          **Civil No. 08-726 (ESH)**
                                 )
**DEPARTMENT OF HOMELAND SECURITY,** )
**U.S. DEPARTMENT OF JUSTICE,**  )
                                 )
　　　　Defendants.              )
                                 )

---

## DEFENDANTS' MOTION FOR DISMISSAL, OR ALTERNATIVELY, SUMMARY JUDGMENT

Defendants, the Department of Homeland Security and the United States Department of Justice respectfully move, pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of the complaint in this action. Alternatively, pursuant to Federal Rule of Civil Procedure 56, Defendants seek an order granting them summary judgment on the grounds that no genuine issue of material fact exists and Defendants are entitled to judgment as a matter of law. In support of this motion, Defendants respectfully submit the attached statement of material facts as to which there is no genuine dispute, a memorandum of points and authorities with exhibits, and a proposed order.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendants' motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendants' attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see

<u>also</u> Local Rule 7(h)[1] and Fed. R. Civ. P. 56(e).  Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____/s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

---

[1] Requiring that oppositions to motions for summary judgment "shall" be accompanied by a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  LCvR 7(h).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARREN LAMONT KEYS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **Civil No. 08-726 (ESH)** |
| | ) |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR DISMISSAL, OR ALTERNATIVELY, SUMMARY JUDGMENT

Defendants, the United States Secret Service (the "Secret Service" or "USSS") and the United States Department of Justice ("DOJ") submit this memorandum of law in support of their motion for dismissal, or alternatively, summary judgment. Plaintiff, Darren Lamont Keys ("Plaintiff"), brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., ("FOIA") concerning a FOIA request that he submitted to the Secret Service in June 2003. Because the propriety of the Defendants' actions concerning this very same FOIA request has already been determined by another member of this Court, this lawsuit should be dismissed on grounds of res judicata and/or collateral estoppel. Alternatively, summary judgment is warranted because Plaintiff cannot establish that he exhausted his administrative remedies concerning the requests at issue.

## PROCEDURAL BACKGROUND[2]

This lawsuit concerns a request Plaintiff submitted pursuant to the FOIA in June 2003 to

---

[2]Defendants hereby incorporate their Statement of Material Facts as to Which There is no Genuine Dispute.

the Secret Service.  On March 13, 2007, Plaintiff filed a lawsuit challenging the Secret Service's

response to his June 2003 FOIA request.  In Keys v. United States Department of Homeland

Security, Civil Action No. 07-465 (D.D.C.), Magistrate Judge Alan Kay determined that the

Secret Service had met its burden of establishing that it had conducted a proper search for

records responsive to Plaintiff's FOIA request and that any asserted exemptions were properly

asserted.  See Memorandum Opinion ("Mem. Op.") dated September 26, 2007.  Plaintiff

appealed this determination to the Court of Appeals for the District of Columbia Circuit.  See

Docket Entry No. 23, Civil Action No. 07-465.  Defendant then filed a motion for summary

affirmance.  On its own motion, the appellate court ordered that the "record be remanded to the

district court for a statement of reasons for the grant of summary judgment with regard to the

documents referred by the appellee to other agencies for processing under the Freedom of

Information Act."  United States Court of Appeals for the District of Columbia Circuit Order

dated April 28, 2008 (No. 07-5364).  The district court thereafter issued an Order requiring

Defendant to specifically address the documents that had been referred to other agencies.[3]

On August 11, 2008, after considering the parties' supplemental filings, the district court

issued its Statement of Reasons ("SOR").  See Docket Entry No. 46, Case No. 07-465.  The

Court held that it had properly granted summary judgment in the USSS' favor concerning

---

[3]The Secret Service had referred documents responsive to Plaintiff's FOIA request to six agencies: The United States Marshals Service ("USMS"), the Federal Bureau of Investigation ("FBI"), the Executive Office for United States Attorneys ("EOUSA"), the Federal Bureau of Prisons ("BOP"), the Court Services and Offender Supervision Agency ("CSOSA"), and the United States Probation and Pretrial Services Agency ("USPPSA").  See Docket Entry No. 37 in Civil Action No. 07-465, Defendant's Brief as Ordered by the Court ("Def.'s Brief"), 2d Declaration of Craig Ulmer ("Ulmer Decl.") ¶¶ 5-9.  The Secret Service ultimately directly processed the records that had been referred to the USPPSA.  Id. ¶ 10.

documents that had been referred to the USMS and the FBI.  SOR at 18.  The Court further

determined that while it had erroneously granted summary judgment in favor of the Secret

Service as it concerned documents that had been referred to CSOSA and BOP, the "improper

withholding was remedied by subsequent agency action, thereby rendering Plaintiff's claims with

respect to these documents moot."  Id. at 19.[4]  The Court found, however, that the Secret Service

had not justified the EOUSA's decision to withhold documents pursuant to several exemptions [5]

or EOUSA's decision not to produce records that were publicly available.[6]  In an Order dated

August 20, 2008, the court of appeals issued an Order directing the parties to file motion to

govern future proceedings within 30 days.  See Order dated August 20, 2008 (No. 07-5364).[7]

---

[4]The Court found that defendant's referral to CSOSA and BOP resulted in a significant increase in the amount of time plaintiff had to wait for a response to his FOIA request.  SOR at 15-16.  However, because plaintiff eventually received the records at issue, the Court held that any issue concerning the improper withholding had become moot.  Id. at 19.

[5]120 pages were referred to EOUSA for review.  SOR at 5.  EOUSA had released two pages in part and withheld four pages in their entirety pursuant to FOIA Exemptions 3, 5, and 7(C) as well as Federal Rule of Criminal Procedure 6(e) and Privacy Act Exemption (j)(2).  SOR at 12.

[6]EOUSA notified plaintiff that the remainder of the 120 pages reviewed were "public records" which he could obtain, if desired, by making a separate written request, and that production of such records could be subject to fees.

[7]The Secret Service previously filed a motion to consolidate the pending action with civil action no. 07-465.  See Docket Entry No. 31, Civil Action No. 07-465.  Magistrate Judge Kay denied the Secret Service's motion because, "[e]ven assuming, arguendo, that Plaintiff's two lawsuits involve common questions of law or fact because they both arise from his 2003 FOIA request, the Court finds that consolidation of the actions is not appropriate because the cases are at different stage of litigation."  Mem. Op. dated July 22, 2008, at 3.  The Court noted that it had already granted summary judgment to the USSS in the 2007 case, which Plaintiff had appealed, whereas Defendants in the current case had not yet responded to the complaint.  Id.  Furthermore, the court noted that a problem might arise regarding the court's jurisdiction over the consolidated cases because the parties had not both consented to proceed before a magistrate judge in the 2008 case.  Id. at 4 & n.4.

3

On March 28, 2008, Plaintiff filed the instant action.  Plaintiff contends that the United

States Attorney's Office in Jacksonville, Florida, has failed or refused to respond to the Secret

Service's request for information responsive to plaintiff's request.  Complaint ("Compl.") at 5.

Plaintiff now asks this Court to compel the United States' Attorney's Office to respond.  Id.[8]

## ARGUMENT

I.    **Plaintiff's Claims Concerning His 2003 FOIA Request to the Secret Service Are Barred by the Doctrines of Res Judicata and Collateral Estoppel**.

1.    **Res Judicata Bars this Action.**

Plaintiff's claim regarding his 2003 FOIA request that was submitted to the Secret

Service is barred by res judicata because Plaintiff, by his own admission, has already litigated the

merits of this claim.  Compl. at 2 ("In June 2003, plaintiff filed a Freedom of Information Act

request to Secret Service after sending letters to U.S. Attorney's Office."); id. at 5 ("The Court,

without assuring itself whether [the] government was mistating [sic] the facts, granted Summary

Judgment - sending Keys 'back to square one.'"); id. at 8 ("Keys respectfully petitions this Court

to order the government's response to the Department of Homeland Security as they have tried to

comply but have been precluded by U.S. Attorney's Office in Jacksonville . . . .").

The allegations plaintiff makes in this case are eerily similar, in fact identical, to those

made in his prior lawsuit against the Secret Service.  See Complaint filed in Civil Action No. 07-

465, ¶ 1 ("This case begins with a freedom of information request dating back to June 30, 2003").

---

[8]As with his prior lawsuit, plaintiff filed this case as an "Emergency Petition for Writ of
Mandamus Under 28 U.S.C. § 1361 Compelling Compliance With Freedom of Information Act."
In an order dated April 28, 2008, Judge Lamberth denied plaintiff's request for a writ of
mandamus and construed the complaint as an action against the United States Department of
Treasury and the Department of Justice pursuant to FOIA.  Order dated April 18, 2008.

And, Magistrate Judge Kay has already determined the merits of Plaintiff's claims concerning his 2003 FOIA request.  See Mem. Op. dated Sept. 26, 2007 in Civil Action No. 07-465; see also SOR dated August 11, 2008 in Civil Action No. 07-465.

The above facts reveal that Plaintiff's claims regarding the June 2003 FOIA request he submitted to the Secret Service is barred by res judicata.  Res judicata, or claim preclusion, holds that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979).  The doctrine of res judicata is designed "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate . . . conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979) (internal quotation marks and footnote omitted).  Four factors must exist in order for res judicata to bar an action: (1) there must be an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) identity of the cause of action in both suits.  See American Forest Res. Council v. Shea, 172 F. Supp. 2d 24, 29 (D.D.C. 2001) (citing Paley v. Estate of Ogus, 20 F. Supp. 2d 83, 96 (D.D.C. 1998)); McCreary v. Potter, 273 F. Supp. 2d 106, 113 (D.D.C. 2003).  Each of these factors is present in the instant case, and thus Plaintiff's claim should be barred.

First, regarding the parties named in this lawsuit, it is clear that the Secret Service/ Department of Homeland Security was named as a defendant in Civil Action No. 07-465.

Second, the United States District Court for the District of Columbia had jurisdiction over Plaintiff's prior FOIA request pursuant to 5 U.S.C. § 552(a)(4)(B).  Therefore, this element of res

judicata is met.

Third, Magistrate Judge Kay's grant of summary judgment regarding Plaintiff's FOIA claim qualifies as a final judgment on the merits.  See, e.g., Mitchell v. Bannum Place, 532 F. Supp. 2d 104, 108 (D.D.C. 2008) (holding that res judicata barred plaintiff's current complaint in light of grant of summary judgment in prior case involving the same claims).

Finally, concerning the fourth factor, Plaintiff's prior and present claims originate from the identical cause of action and thus the fourth element of res judicata is satisfied.  For two cases to have an identity of cause of action, they must share the same "nucleus of facts."  Velikonja v. Ashcroft, 355 F. Supp. 2d 197, 200-01 (D.D.C. 2005) (citations omitted).  In conducting its inquiry into this element, the Court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understandings or usage."  Id. (citations omitted).  Clearly, Plaintiff's two complaints share the same "nucleus of facts," Velikonja, 355 F. Supp. 2d at 200-01, which, in this case, relate to the June 2003 FOIA request he submitted to the Secret Service.  For these reasons, Plaintiff's complaint is barred by the doctrine of res judicata.

### 2.    Plaintiff's Action is Also Barred by Collateral Estoppel.

In addition to the res judicata bar on Plaintiff's claims, the doctrine of collateral estoppel, or issue preclusion, also prohibits Plaintiff from re-litigating his claims raised related to his 2003 FOIA request.  "Under the doctrine of collateral estoppel . . . the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action."  Parklane Hoisery Co., 439 U.S. at 327 & n.5. The application of collateral estoppel "represents a decision that the needs of judicial finality and

6

efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979) (citation omitted). The application of this doctrine thereby serves to relieve parties of the burdens of attending to multiple lawsuits, conserves judicial resources, provides finality in the resolution of disputes, and minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions. See, e.g., United States v. Mendoza, 464 U.S. 154, 158 (1984); Cutler v. Hayes, 549 F. Supp. 1341, 1343 (D.C. Cir. 1982). "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments, § 27 (1981); see also Consolidated Edison Co. v. Bodman, 449 F.3d 1254, 1258, 1260 (D.C. Cir. 2006) (holding that the plaintiff's previous complaint already addressed the issue posed in the latter case); Fogg v. Ashcroft, 254 F.3d 103, 111 (D.C. Cir. 2001) (remanding equitable claims to the district court to consider the application of issue preclusion).

In granting defendant summary judgment concerning its processing of Plaintiff's 2003 FOIA request, Magistrate Judge Kay concluded that the Secret Service "has met its burden on the Freedom of Information Act and is therefore entitled to summary judgment." Mem. Op. dated Sept. 26, 2007, at 13. Magistrate Judge Kay specifically concluded that an adequate search had been performed, id. at 5; that Exemptions 2, 7(C) and 7(E) had been properly claimed, id. at 6, and that all reasonably segregable material had been produced. Id. at 12. Magistrate Judge Kay subsequently addressed the propriety of the Secret Service's referral of documents to various agencies. SOR dated August 11, 2008. In his SOR, Magistrate Judge Kay determined that he

7

had appropriately granted the Secret Service summary judgment with respect to documents the

Secret Service had referred to USMS and the FBI, as well as documents that had originated with

the USPPSA that the Secret Service directly processed.  SOR at 18-19.  The Court found that

while it had erroneously granted summary judgment in favor of the Secret Service regarding the

documents that had been referred to CSOSA and BOP, that any improper withholding had been

subsequently remedied by agency action "thereby rendering Plaintiff's claims with respect to

these documents moot."  Id. at 19.  Finally, the Court found that it had erroneously granted the

Secret Service summary judgment with respect to the documents referred to EOUSA "and that

further court action is necessary to correct this improper withholding of documents."  Id. at 19.

However, the Court found that it was "unclear" whether it had jurisdiction to order the Secret

Service to produce these documents to Plaintiff in light of the court of appeals' remand for a

statement of reasons.  Id. at 14.  The SOR was subsequently transmitted to the court of appeals

and that court, by order dated August 20, 2008, directed the parties to file further motions to

govern these proceedings.  Order dated August 20, 2008, Case No. 07-5364.

The above facts establish that Plaintiff has already obtained a ruling on the issues

involved in the Secret Service's processing of his 2003 FOIA request, and that case is currently

pending further proceedings in the court of appeals.  Accordingly, the doctrine of issue

preclusion precludes Plaintiff from raising these issues in this case.  See Consolidated Edison

Co., 449 F.3d at 1257-58 ("Under the doctrine of issue preclusion, 'binding effect [is to be given]

to the first resolution of an issue.") (citation omitted).

## II.    To the Extent His Claims are Not Barred, Summary Judgment is Warranted in Favor of the EOUSA Because Plaintiff Failed to Exhaust His Administrative Remedies.

_____ To the extent Plaintiff is seeking to challenge EOUSA's response to his FOIA requests that were submitted directly to EOUSA (as opposed to the Secret Service's referral of documents to EOUSA), summary judgment is warranted in EOUSA's favor.  See Compl. at 7 (noting that in addition to the June 2003 FOIA request directed to the Secret Service plaintiff sent letters directly to the U.S. Attorney's Office).

### A.    Standard of Review

Defendants move for dismissal of plaintiff's complaint unde Rule 12(b)(6) for failure to state a claim.  "A FOIA suit is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails to exhaust his administrative remedies prior to initiating a lawsuit."  Elliot v. United States Dep't of Agriculture, No. Civ.A. 06-240, 2007 WL 1302588, at *2 (D.D.C. May 2, 2007).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint.  Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996).  A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested.  Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  A court should dismiss a complaint for failure to state a claim when the complaint fails "to raise a right to relief above the speculative level."  See, e.g., Bell Atlantic v. Twombly, 1275 S. Ct. 1955, 1956 (2007).  The court need not, however, accept as true the plaintiff's legal conclusions.  See Taylor v. FDIC, 132 identified.").

Because defendant has attached materials outside the pleadings, the motion can be construed as one seeking summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is to be freely granted where there are no material facts in dispute and the agency is entitled to judgment as a matter of law.  See, e.g., Alyeska Pipeline Serv. v. EPA, 856 F.2d 309, 314 (D.C. Cir. 1988); Hayden v. National Security Agency, 608 F.2d 1381, 1386-87 (D.C. Cir. 1979) (summary judgment appropriate in FOIA cases on the basis of affidavits).

**B.    Plaintiff Failed to Exhaust His Administrative Remedies Concerning the FOIA Requests He Submitted to the EOUSA.**

Prior to filing a lawsuit, a FOIA requester is required to fully exhaust his administrative remedies.  Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  As the District of Columbia Circuit has explained, "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA which means that a requester under FOIA must file an administrative appeal within the time limit specified in agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response."  Wilbur v. Central Intelligence Agency, 355 F.3d 675, 676 (D.C. Cir. 2004) (internal quotation marks and citation omitted) (emphasis added).  Accordingly, "[c]ourts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." Oglesby v. Department of the Army, 920 F.2d 61-62 (D.C. Cir. 1990) (citations omitted).  See also Bestor v. C.I.A., No. Civ.A. 04-2049, 2005 WL 3273723, at *2 (D.D.C. Sept. 1, 2005) ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.") (citation and internal quotation marks

omitted) (emphasis added).[9]

A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including: (1) failure to provide the required proof of identity, <u>Summers v. United States Dep't of Justice</u>, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) failure to reasonably describe the records being sought, <u>Gillin v. IRS</u>, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) failure to comply with fee requirements, <u>Trueblood v. United States Dep't of Treasury</u>, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) failure to administratively appeal a denial of information, <u>Oglesby v. United States Dep't of the Army</u>, 920 F.2d 57 (D.C. Cir. 1990). Where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to immediate dismissal. <u>Id.</u> In this case, summary judgment is warranted because plaintiff failed to administratively appeal any of EOUSA's responses to his requests.

### 1.     FOIA No. 04-300

Plaintiff sent a letter to EOUSA dated January 16, 2004, seeking records relating to himself. Declaration of John F. Boseker ("Boseker Decl.") ¶ 6; Boseker Decl., Ex. A. By letter dated February 11, 2004, EOUSA notified plaintiff that his request was deficient because he failed to identify the particular U.S. Attorney's office that he which to have searched, notably in

---

[9]"Although exhaustion of a FOIA request 'is not jurisdictional because the FOIA does not unequivocally make it so,' . . . still, "as a jurisprudential doctrine, failure to exhaust <u>precludes judicial review</u>, if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." <u>Wilbur</u>, 355 F.3d at 677 (quoting <u>Hidalgo v. Federal Bureau of Investigation</u>, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (emphasis added)). The District of Columbia Circuit has already held that "the FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." <u>Hidalgo</u>, 344 F.3d at 1259. Furthermore, it has been held that the purposes of exhaustion are not satisfied where the agency has not had a chance to address the substance of a requester's challenge to the agency's response. <u>Id.</u>

light of the fact that the files and records of United States Attorneys are located in more than 100

separate offices throughout the country.  Id. Ex. B.  Plaintiff was informed that until he provided

this information, he was not deemed to have submitted a valid request.  Id.  He was also

informed that he had 60 days in which to appeal the decision to the Office of Information and

Privacy ("OIP").  Id.  Plaintiff never identified the office to be searched nor appealed the

February 11, 2004 letter to OIP prior to filing this action.  Id. ¶ 8.

      "Two requirements must be met in order for a FOIA request to be proper: (1) the request

must 'reasonably describe the records sought, and (2) it must be 'made in accordance with

published rules stating the time, place, fees (if any), and procedures to be followed."  Lowe v.

Drug Enforcement Agency, No. Civ.A. 06-1133, 2007 WL 2104309, at *4 (D.D.C. July 22,

2007) (citing 5 U.S.C. § 552(a)(3)(A)).  Here, plaintiff failed to "reasonably describe the records"

he sought because he failed to identify where he believed the records existed.  Any claim

regarding his 2004 request should therefore be dismissed for failure to exhaust his administrative

remedies.  See Lowe, 2007 WL 2104309, at *5 (dismissing plaintiff's FOIA claim where he

failed to adhere to DOJ guidelines and directed his request to the wrong office); Tooley v. Bush,

No. Civ.A. 06-306, 2006 WL 3783142, at *14 (D.D.C. Dec. 21, 2006) (holding that plaintiff

failed to exhaust his administrative remedies concerning FOIA request sent to EOUSA where he

failed to respond to EOUSA's request that he designate which of the more than 100 U.S.

Attorney's offices where he believed records responsive to his request would be located and

never appealed the EOUSA's letter) (citations omitted).

      **2.     FOIA No. 07-1300**

      In a letter dated April 5, 2007, plaintiff requested information relating to Assistant United

12

States Attorney Kathleen O'Malley of the Jacksonville, Florida Office.  Boseker Decl., Ex. C.

Plaintiff specifically sought: "Oath of Office; any Bond Information, and a listing of all attorneys

in Jacksonville who were empowered and authorized to appear before the Grand Jury in the

Middle District of Florida at Jacksonville Florida, from 2000-2004."  Id.  By letter dated May 11,

2007, EOUSA notified Plaintiff that it had received his request, had assigned it a FOIA file

number, and was conducting a search for documents responsive to his request.  Boseker Decl.,

Ex. D.  On June 21, 2007, EOUSA notified Plaintiff that it was providing him with a full release

of two pages located as a result of its search.  Id. Ex. E.  Plaintiff was notified of his right to

appeal this response to OIP within 60 days.  Id.  Plaintiff never appealed the June 21, 2007

release.  Boseker Decl. ¶ 12.

    "Courts have consistently confirmed that the FOIA requires exhaustion of [an agency's]

appeal process before an individual may seek relief in the courts."  Bestor v. C.I.A., No. Civ.A.

04-2049, 2005 WL 3273723, at *2 (citation and internal quotation marks omitted) (emphasis

added).  The District of Columbia Circuit has already held that "the FOIA's administrative

scheme favors treating failure to exhaust as a bar to judicial review."  Hidalgo, 344 F.3d at 1259.

Furthermore, it has been held that the purposes of exhaustion are not satisfied where the agency

has not have an opportunity to address the substance of a requester's challenge to the agency's

response.  Notably, in Hidalgo, the requester had submitted an appeal of the agency's decision.

Id.  However, the court held that:

> [w]hile Hidalgo's appeal may have been timely, in a literal sense, it did not
> promote the purposes of the exhaustion doctrine.  As Hidalgo pursued it before
> the FBI acted on his request, the appeal could not and did not place the substance
> of the FBI's response before the OIP.  Thus, the OIP had no opportunity to consider
> the very issues that Hidalgo has raised in court: whether the requested information

is covered under FOIA Exemptions 6 and 7(C) and whether the FBI provided an improper *Glomar* response.

Id. (emphasis added). In light of these facts, the court concluded that judicial review was not appropriate because "judicial review without benefit of prior OIP consideration would undercut 'the purposes of exhaustion, namely, 'preventing premature interference with agency processes, ... afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, ... [or] compil[ing] a record which is adequate for judicial review.'" Id. (internal quotation marks and citations omitted).

In this case, the purposes behind the exhaustion doctrine would be undercut if the Court were to excuse Plaintiff's failure to appeal the June 21, 2007 release to him. As in Hidalgo, Plaintiff has never placed the substance of his objection to the agency's response before OIP and thus OIP has not opportunity to consider these issues. Accordingly, the Court should find that Plaintiff's failure to exhaust his administrative remedies bars judicial review as it concerns this FOIA request. See, e.g., Oglesby, 920 F.2d at 61 ("Exhaustion of administrative remedies" grants the "agency an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.") (citations omitted); see id. at 64 ("Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors.") (emphasis added).

### 3.     FOIA No. 07-2311-R

This FOIA request concerns the documents that were referred to the EOUSA from the Secret Service as a result of Plaintiff's June 2003 FOIA request. While Defendants contend that

14

this Court is precluded from considering this request, assuming the Court does address this request, dismissal, or alternatively, summary judgment is required because Plaintiff did not exhaust his administrative remedies concerning this request.

The Secret Service referred documents to the EOUSA in a letter dated July 23, 2007. Boseker Decl. ¶ 13.  By letter dated July 31, 2007, EOUSA notified Plaintiff that it had processed the referred records, was releasing two pages in part, withholding four pages in its entirety based on Exemption 3 (in conjunction with Federal Rule of Criminal Procedure 6(e), Exemption 5, 7(C) and Privacy Act Exemption (j)(2).  Id. ¶ 14; Boseker Decl., Ex. G.  Plaintiff was further informed that the remainder of the 120 pages reviewed were public records, which could be obtained, if requested, by making a separate written request, and would be subject to possible copying fees.  Id.  Plaintiff was notified of his right to appeal this determination with OIP within 60 days. Boseker Decl., Ex. G.  Plaintiff never filed an appeal of EOUSA's response.  Boseker Decl. ¶ 15.

Plaintiff's failure to exhaust his administrative remedies concerning this FOIA request supports this Court refusing to consider his claims.  While Magistrate Judge Kay found that Plaintiff's failure to exhaust his administrative remedies did not preclude judicial review in Civil Action No. 07-465, notably Plaintiff's lawsuit in Civil Action No. 07-465 was filed prior to the time EOUSA responded to his FOIA request.  This action, however, was filed after EOUSA had responded to plaintiff's FOIA request.  Exhaustion is required in such circumstances.  See, e.g., Oglesby, 920 F.2d at 61 ("Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately.  Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and

15

thereby exhausted his administrative remedies.  Thus, if the agency responds to a FOIA request

before the requester files suit . . . actual exhaustion of administrative remedies is required.").

Because Plaintiff never appealed the EOUSA's response to his FOIA request, the defendant

never had any opportunity or reason to "correct or rethink" any misjudgments or errors they may

have made.  See Hidalgo, 355 F.3d at 1260 (holding that the purposes behind exhaustion were

not met where requester filed an appeal before receiving the agency's substantive response to his

request and, after receiving that response, he never filed a subsequent appeal challenging the

agency's claimed exemptions.  "To permit [Hidalgo] to ignore the OIP's directive 'would cut off

the agency's power to correct or rethink initial misjudgments or errors,' Oglesby, 920 F.2d at 64,

and frustrate the policies underlying the exhaustion requirement.") (other citation omitted).

 In this case, the Court need not address this claim as it was specifically addressed by

Magistrate Judge Kay and is currently pending before the District of Columbia Circuit.

However, assuming Plaintiff is deemed to have the ability to assert this claim before this Court,

Defendants respectfully submit that judicial review concerning this request is precluded because

Plaintiff has failed to exhaust his administrative remedies.

## **CONCLUSION**

 For the reasons set forth above, Defendants respectfully request that judgment as a matter

of law be entered in their favor.

   Respectfully submitted,

    /s/ Jeffrey A. Taylor
    JEFFREY A. TAYLOR, D.C. BAR # 498610
    United States Attorney

16

    /s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


    /s/ Michelle N. Johnson
_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
Telephone:     (202) 514-7139

COUNSEL FOR DEFENDANTS

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendants' Motion for Summary Judgment and all supporting materials in support of the motion, were mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Darren Lamont Keys
R33000-037
F.C.I. Williamsburg
Inmate Mail/Parcels
P.O. Box 340
Salters, SC 29590

on this <u>22nd</u> day of August, 2008.

/s/

_____
MICHELLE N. JOHNSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **DARREN LAMONT KEYS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **Civil No. 08-726 (ESH)** |
| | ) |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| Defendants. | ) |

_____)

### DEFENDANT'S STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 56.1 and 7(h), Defendants, the United States Secret Service (the

"Secret Service") and the United States Department of Justice ("DOJ"), respectfully submit this

statement of material facts as to which there is no genuine issue in support of their Motion for

Summary Judgment.

**Plaintiff's FOIA Requests Submitted to EOUSA**

    **FOIA No. 04-300**

1.      On January 29, 2004, DOJ's Executive Office for U.S. Attorneys ("EOUSA") received a

letter dated January 16, 2004 from Mr. Keys for documents pertaining to himself.  Declaration of

John F. Boseker ("Boseker Decl.") ¶ 6; see also Boseker Decl. Ex. A (FOIA Request dated

January 16, 2004).

2.      By letter dated February 11, 2004, EOUSA notified Mr. Keys of the deficiency in his

request, i.e., the need to provide EOUSA with the particular location within the U.S. Attorney's

offices throughout the country that he wished to have searched.  Boseker Decl. ¶ 7.  Specifically,

Plaintiff was informed that because the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, he needed to identify the specific U.S. Attorney's Office(s) where he believed the requested records existed. Boseker Decl., Ex. B (Letter dated February 11, 2004). Until such information was received, Plaintiff was not deemed to have submitted a valid request. Id. Plaintiff was provided with notice of his right to appeal this determination within 60 days to the Office of Information and Privacy ("OIP"). Id.

3.      Plaintiff never provided EOUSA with the location to be searched, nor appealed the determination to OIP. Boseker Decl. ¶ 8.

**FOIA No. 07-1300**

4.      On April 19, 2007, EOUSA received a letter dated April 5, 2007, from Plaintiff in which he requested specific information (i.e., Oath of office, bond information) on Assistant United States Attorney Kathleen O'Malley, U.S. Attorney's Office for the Middle District of Florida, and a list of all of the attorneys in that office who were "empowered and authorized to appear before the Grand Jury in the Middle District of Florida at Jacksonville Florida, from 2000-2004." Boseker Decl. ¶ 9; see also Ex. C (FOIA Request dated April 5, 2007).

5.      By letter dated May 11, 2007, EOUSA notified Plaintiff that it had received his request, had assigned it FOIA file number 07-1300, and was proceeding to search for the requested information. Boseker Decl. ¶ 10; see also Ex. D (Letter dated May 11, 2007).

6.      On June 21, 2007, EOUSA notified Plaintiff that it was providing him with a full release of records (two pages) located as a result of the aforesaid search. Boseker Decl. ¶ 11. Plaintiff was notified of his right to appeal this determination within 60 days to the OIP. Id.; see also Ex. E (Letter dated June 21, 2007).

2

7.     Plaintiff never filed an appeal of EOUSA's response to his request.  Boseker Decl. ¶ 12.

**FOIA No. 07-2311-R**

8.     On July 23, 2007, EOUSA received a referral from the United States Secret Service ("Secret Service" or "USSS") of documents responsive to a July 22, 2003 request made directly to USSS by plaintiff.  Boseker Decl. ¶ 13; Ex. F.

9.     By letter dated July 31, 2007, EOUSA notified plaintiff that it had processed the referred records, was releasing two pages in part, and was withholding four pages in their entirety pursuant to 5 U.S.C. § 552(b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e), (b)(5) (b)(7)(C), and Privacy Act, 5 U.S.C. § 552a(j)(2).  Boseker Decl. ¶ 14.

10.    Plaintiff was further notified that the remainder of the 120 pages reviewed were public records which could be obtained, if desired, by making a separate written request, and would be subject to possible copying fees.  Id.  Plaintiff was provided with his right to appeal this determination within 60 days to the OIP.  Id.; see also Ex. G (Letter to plaintiff dated July 31, 2007).

11.    No appeal has been filed of EOUSA's determination prior to plaintiff's initiation of this lawsuit.  Boseker Decl. ¶ 15.

12.    Each step in the handling of plaintiff's FOIA requests and referral have been entirely consistent with EOUSA and United States Attorneys Office ("USAO") procedures adopted to ensure an equitable response to all persons seeking access to records pursuant to FOIA/PA.  Id. ¶ 16.

Respectfully submitted,

_/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_/s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

**COUNSEL FOR DEFENDANT**

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **DARREN LAMONT KEYS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **Civil No. 08-726 (ESH)** |
| | ) |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| Defendants. | ) |

_____)

**[PROPOSED] ORDER**

This matter having come before the Court on Defendants' Motion for Dismissal, or

Alternatively, Summary Judgment, Plaintiff's opposition, if any, and Defendant's Reply, if any, it

is hereby

**ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.  It is

further

**ORDERED** that judgment is hereby entered in favor of Defendants.

.

**SO ORDERED** on this ____ day of _____, 2008.


_____

ELLEN SEGAL HUVELLE
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS,                    )
                                       )
               Plaintiff,              )
                                       )
        v.                             )    Civ. No. 07-465 (AK)
                                       )
UNITED STATES DEPARTMENT OF            )    Consolidated from Civ. No. 08-726 (ESH)
HOMELAND SECURITY, et al.,             )
                                       )
               Defendants.             )
                                       )

## DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1)    I am an Attorney Advisor in the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice ("DOJ"). I am specifically assigned to the

component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5

U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).

2)    Due to the nature of my official duties, I am personally familiar with the FOIA/PA

request(s) made to EOUSA by Mr. Keys, and a referral of records from the U.S. Secret Service

("USSC") which forms the basis for this litigation. By way of prefacing all that is below, there

are three separate files involved, three separate determinations, and no administrative appeals of

any of those determinations prior to commencing the above-referenced action.

3)    My official duties include: having the authority to make final disclosure

determinations on records requested by an individual using the FOIA/PA, to assure compliance

with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et

seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)     My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)     The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

### FOIA No. 04-300

6)     On January 29, 2004, EOUSA received a letter dated January 16, 2004, from Mr. Keys for records pertaining to himself. **Exhibit A attached.**

7)     By letter dated February 11, 2004, EOUSA notified Mr. Keys of the deficiency in his request, the need to provide EOUSA with the particular location within the U.S. Attorney's offices throughout the country, that he wished to have searched, until which time, he was not deemed to have a valid request. He was provided with notice of his right to appeal this determination within 60 days to the Office of Information and Privacy ("OIP"). **Exhibit B attached.**

8)     Mr. Keys neither provided this office with the location to be searched, nor appealed the determination to OIP prior to commencing this action.

**FOIA No. 07-1300**

9)     On April 19, 2007, EOUSA received a letter dated April 5, 2007 from Mr. Keys, in which he requested specific information (i.e., Oath of office, bond information) on an Assistant United States Attorney, Kathleen O'Malley, U.S. Attorney's Office for the Middle District of Florida, and a list of all attorneys in that office. **Exhibit C attached.**

10)     By letter dated May 11, 2007, EOUSA notified Mr. Keys that it had received his request, assigned it the above FOIA file number, and was proceeding to search for the requested records. **Exhibit D attached.**

11)     On June 21, 2007, EOUSA notified Mr. Keys that it was providing him with a full release of records (two pages) located as a result of the aforesaid search. Mr. Keys was provided with his right to appeal this determination within 60 days to the OIP. **Exhibit E attached.**

12)     No appeal has been filed of this EOUSA determination prior to Mr. Keys commencing the above-captioned action.

**FOIA No. 07-2311-R**

13)     On July 23, 2007, EOUSA received a referral from the USSS of documents, the result of the USSS processing of records in response to a July 22, 2003 request made directly to USSS. **Exhibit F attached.**

14)     By letter dated July 31, 2007, EOUSA notified Mr. Keys that it had processed the referred records, was releasing two pages in part, withholding 4 pages in their entirety by application of 5 U.S.C. § 552 (b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e), (b)(5), (b)(7)(C), and Privacy Act 5 U.S.C.§ 552a(j)(2). He was further notified that the remainder of the 120 reviewed pages were public records, which could be obtained, if desired, by making a separate written request, and would be subject to possible copying fees. Mr. Keys was

provided with his right to appeal this determination within 60 days to the OIP. **Exhibit G attached.**

15)    No appeal has been filed of this EOUSA determination prior to Mr. Keys commencing the above-captioned action.

16)    Each step in the handling of Mr. Keys requests (and referral) has been entirely consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26 , 2008.

JOHN F. BOSEKER

Senior Attorney Advisor, EOUSA

DARREN LAMONT KEYS 33000-037 F.P.C. Maxwell A.F.B., Montgomery, Alabama 36112

04 JAN 29 PM 4: 22

**Freedom of Information and Privacy Officer**
Executive Office for United States Attorneys
Robert Kennedy Building
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

RE: Information Essential to Appeal/
    Freedom of Information Request

                              January 16, 2004

Dear Sir/Madam:or Marie O'Rourke A.D.

        This will serve as my request , pursuant to the freedom of Information

Act ( 5 U.S.C. Sections 552 and 552(a)and all provisions therein ) for full

disclosure of of all records and/or documents contained in your agency's file ,

specifically mentioned under my name and/or Identifier to me or my name. I am

also requesting any and all pictures and/or copies thereof relating to this

case and any other case my name where my name is being used, etc..

        I am Also particularly requesting copies of all correspondence to and from

United States Probation office  as it relates to my name , Specifically between

the dates of  September 2001 and September 2003.

**CERTIFICATION OF IDENTITY**

        I **HEREBY CERTIFY,** under penalties of perjury pursuant to 28 U.S.C. §

GOVERNMENT
EXHIBIT
A

1746, that I am the true Darren Keys, Born May ⠀, 19  , Social Security Number
⠀⠀⠀⠀⠀ and I am also accepting responsibility for payment of copies of said information above that allowed at no charge.

Respectfully Submitted,

Darren L. Keys

1/16/04

**U.S. Department of Justice**

FEB 11 2004

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Requester: <u>Darren Lamont Keys</u>

Request Number: <u>04-300</u>

Subject of Request: <u>Self</u>

Dear Requester:

Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which <u>prosecution or litigation</u> occurred.

By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. §16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. §16.11(k)). Indigency does not constitute a basis for a free waiver. Please note that pursuant to 28 C.F.R. §16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you.

(Page 1 of 2)
Form No. 003B - 9/01

GOVERNMENT
EXHIBIT
B
EOUSA

FEB 11 2002

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
            United States Department of Justice
                  Flag Building, Suite 570
                  Washington, D.C.  20530

    Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

                                    Sincerely,

                                    *Marie A. O'Rourke*

                                    Marie A. O'Rourke
                                    Assistant Director

(Page 2 of 2)
Form No. 003B - 9/01

Darren Keys
Reg.# 33000-037
FCI Williamsburg
P.O.BOX 340
Salters, SC  29590
Without Recousse

RECEIVED

2007 APR 19  PM 3: 16

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

April 5, 2007

Honorable Maria A. O'Rourke
Assistant Director
Freedom of Information - Privacy Act Staff
600 E. Street N.W., Room 7300
Washington, D.C.   20530

RE: Request for Records

Dear Mrs. O'Rourke:

I write directly to you, as you are very knowledgeable in the matter of U.S. Attorney records, as such, I humbly emplore you to assist me by providing a copy of the following: information relating to Assistant United States Attorney, Kathleen O'Malley of the Jacksonville Florida Office:

(1) Oath of Office;

(2) Any bond information; and

(3) Listing of all attorneys in Jacksonville who were empowered and authorized to appear before the Grand Jury in the Middle District of Florida at Jacksonville Florida, from 2000-2004.

Respectfully Submitted,
Without Prejudice

Darren Keys/Authorized
Agent


GOVERNMENT
EXHIBIT
C

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester: Darren Keys          Request No.:   07-1300                        MAY 11 2007

Subject: AUSA O'Malley (Oath of Ofc.)/FLM

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions; for example, Project Requests usually take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

     If you wish to revise your request to try to reduce fees, you may use the attached form. If you do not wish to incur fees for your request as it is now stated, please submit this form (or your letter revising your request) to us immediately so that your request, and fees, can be limited.

Sincerely,

*William G. Stewart II*

William G. Stewart II
Assistant Director

Form No. 001 - 3/07



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

---

Requester: <u>Darren Keys</u>          Request Number: <u>07-1300</u>

Subject of Request:  <u>AUSA O'Malley (Oath of Ofc) / Middle District of Florida</u>   <s>JUN</s> 2 1 2007

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

All of the records you seek are being made available to you. We have processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This is a full release.

[   ]   Please note that your original letter was split into separate files ("requests"),
        for processing purposes, based on the nature of what you sought. Each file was given
        a separate Request Number (listed below), for which you will receive a separate
        response:

[   ]   See additional information attached.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the    **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001** . Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

RECEIVED

2007 JUL 23  P.M 3: 19

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY UNIT

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Executive Office for United States Attorneys
William G. Stewart, II, Acting Assistant Director
FOIA/Privacy Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530-0001

Requester:     Darren Keys

File Number:    20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒      Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐      Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐      USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☒      USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒      Please furnish us a copy of your final response to the requester regarding these documents.

☐      Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)





**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Darren Keys - #33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590

File Number: 20030615

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Acts request originally received by the United States Secret Service on June 30, 2003, for information pertaining to yourself.

Enclosed are copies of documents from Secret Service records. The referenced material was considered under both the Freedom of Information Act, Title 5, United States Code, Section 552 and/or the Privacy Act, Title 5, United States Code, Section 552a. Pursuant to the Acts, exemptions have been applied where deemed appropriate. The exemptions cited are marked below.

In addition, approximately 279 page(s) were withheld in their entirety. An enclosure to this letter explains the exemptions in more detail.

☒  If this boxed is checked, deletions were made pursuant to the exemptions indicated below.

### *Section 552 (FOIA)*

| | | |
|---|---|---|
| ☐ (b) (1) | ☒ (b) (2) | ☐ (b) (3) Statute: |
| ☐ (b) (4) | ☐ (b) (5) | ☐ (b) (6)    ☐ (b) (7) (A)    ☐ (b) (7) (B) |
| ☒ (b) (7) (C) | ☐ (b) (7) (D) | ☒ (b) (7) (E)    ☐ (b) (7) (F)    ☐ (b) (8) |

### *Section 552a (Privacy Act)*

☐ (d) (5)    ☒ (j) (2)    ☐ (k) (1)    ☒ (k) (2)    ☐ (k) (3)    ☐ (k) (5)    ☐ (k) (6)

The following checked item(s) also apply to your request:

☒  Some documents originated with another government agency(s). These documents were referred to that agency(s) for review and direct response to you.

☐  _____ page(s) of documents in our files contain information furnished to the Secret Service by another government agency(s). You will be advised directly by the Secret Service regarding the releasability of this information following our consultation with the other agency(s).

☐  Other: _____

☐ Fees:

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, DC 20223. If you do decide to file an administrative appeal, please explain the basis of your appeal.

Please use the file number indicated above in all future correspondence with the Secret Service.

Sincerely,

Peter Schurla
Acting Special Agent In Charge
Acting Freedom of Information &
Privacy Acts Officer

Enclosure:    FOIA and Privacy Act Exemption List
BCC:    Official File (177.060/177.070)
        Chron. File
        Subject File
        EOUSA
        FBI
        FBOP
        US PRETRIAL
        USMS

PSchurla/ 6/20/2007

DOCUMENT2

## FREEDOM OF INFORMATION ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

**Provisions of the Freedom of Information Act do not apply to matter that are:**

(b) (1)    (A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b) (2)    related solely to the internal personnel rules and practices any agency;

(b) (3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b) (4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b) (5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b) (6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b) (7)    records or information compiled for law enforcement purposes, but only to the extent that the information: (A) could reasonable be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication;; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonable be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law; (F) could reasonably be expected to endanger the life or physical safety of any individual;

(b) (8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for regulation or supervision of financial institutions;

(b) (9)    geological and geophysical information and data, including maps, concerning wells.

## PRIVACY ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

**The provisions of the Privacy Act do not apply to:**

(d) (5)    material compiled in reasonable anticipation of civil action or proceeding;

(j) (2)    material reporting investigative efforts pertaining to enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    material is currently and properly classified pursuant to an Executive Order in the interest of national defense or foreign policy;

(k) (2)    material compiled during investigations for law enforcement purposes;

(k) (3)    material maintained in connection with providing protective services to the President of the United States or other individuals pursuant to section 3056 of Title 18;

(k) (5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or for access to classified information, but only to the extent that the disclosure of such material would reveal the identity of the person who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or prior to the September 27, 1975, under an implied promise that the identity of the source would be held in confidence;

(k) (6)    testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service the disclosure of which would compromise the objectivity or fairness of the testing or examination process;

)                              )

THE UNITED SATATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


DARREN LAMONT KEYS(c) 33000-037          POSTAL REGISTRY NO.
F.C.I. Williamsburg                       7005 3110 0003 7968 6127
P.O. Box 340
Salters, SC 29590                         CIVIL CASE NO._____

                                          BY SPECIAL VISITATION
-Against-

                                          "WITHIN ADMIRALTY" 28
                                          USC §§ 1333 or 1337
JEANETTE WILLIAMS,
FREEDOM OF INFORMATION BRANCH                   MADAMUS
DEPARTMENT OF HOMELAND SECURITY
_____/


SUPPORTING
AFFIDAVIT OF POVERTY


   Darren Lamont Keys, being duly sworn according to law, deposes
and says:

1. I am the Plaintiff-Movant in the above styled action;

2. I bringthis action in good faith;

3. This Mandamus seek  to compel an Employee of the United States
to perform their duty owed to plaintiff by virtue of 28 USC §1361;

4. I have exhausted my administative remedies, in that, I have:

     (a) timely filed this request almost four years ago on June
30, 2003 ;

5. The(b)ffimely filed a request for expedited handling;

     (c) timely filed a Tort Claim grieving the delay

5. I personally earn a total of $22.00 per month and currently, as of december 11, 2006, have a total of $22.47 in my inmate account- $15 of which is earmarked for the Fee of Notary Public and $25.00 is due for Inmate Financial Responsibility Program (IFRP)which will leave me with a negative balance and cause the B.O.P. to punish me for not having the $25.00 to pay the (IFRP);

6. I may or may not receive any funds from family ("Inconsistent Charities") as support has not been consistent and Christmas will certain add to the reasons why they don't have money to send;

7. because of my poverty, I am unable to pay the costs of this action, to give security thereafter;

8. I have been recently granted Forma Pauperis Status by U.S. Supreme Court as well as Middle District of Florida; and

9. I understand that any statement made by me in this Affidavit that is not true, correct, and complete to the best of my knowledge and beliefs will subject me to penlaties of perjury.


Dated: Decemebr 11, 2006.


NOTARY UNAVAIBLE

I Declare under penalties of Perjury under 28 USC §1746 That the Above facts are TRUE, Correct, and Complete to the best

NOATRY PUBLIC

Of my Knowledge and Recollection.

Respectfully Submitted,
Without Prejudice
Authorized Agent

Darren Lamont Keys,
secured Party

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true, correct, and complete copy of the

foregoing has been forwarded to:

>  United States Attroney's Office
>  333 Constitution Avenue
>  Washington, DC 20001

on this  11th day of Decemeber, 2006.

>  Respectfully Submitted,
>  Without Prejudice
>
>  Darren Lamont Keys,
>  Authorized Representative
>  F.C.I. Williamsburg
>  p.o. Box 340
>  Salters, SC 29590

DARREN LAMONT KEYS REG. NO. 33000-037
FEDERAL CORRECTIONS INSTITUTION
P.O. BOX 1000
LORETTO PA. 15940-1000


Department of Homeland Security
United States Secret Service
Freedom of Information and Privacy Branch
950 H Street, N.W. Suite 3000
Washington D.C. 20223

File Number: 2003615

July 22, 2003

Dear FIOA/PA Officer:Jeanette Williams

This letter is Statement of Declaration Pursuant to 28 U.S.C. 1746
that I under penalties of perjuryIam  the true DARREN LAMONT KEYS
and have attached FOIA/PA request for fulfillment by your agency.


Also per your written request, I am hereby formally AGREEING to
pay for duplication costs that may be incurred in filling my
request. I understand that I may receive the first 100 pages at
no charge and subsequent pages are $.10¢ per page under § 5.29,
up to $ 25.00.


I believe I have satisfied the necessary requirements to have
my request processed and possibly expedited. Please forward any and
all files , papers , pictures, documents, etc. to me at the above
address. I remain , of course,


                                    Respectfully Yours,

                                    DARREN LAMONT KEYS

Danie( Norris Case Manager
Authorized by the Act of
July 27, 1955, to administer
oaths (18 USC 4004).

FCI-LORETTO
BOX 1000
Loretto, PA. 15940            DATE: ___7/22/03___

NAME: _Darren Lamont Keys___
REG.# _33000-037_____
DOB: __05-07-_____
POB: _Baltimore. Md._____        "ATTN: FOI/PA OFFICER"
SSN: _____

TO WHOM IT MAY CONCERN:

     .This letter constitutes my request for discloser of all information contained within your files or under the control of your agency pursuant to both the Freedom of Information and Privacy Acts, Title 5 U.S.C. §§ 552 & 552a.

     I request disclosure of all documents, records, and files pertaining to me in addition to other materials identified by, or in reference to, a personal identifier assigned to my name, including but not limited to the following: reports, correspondence, cabels, memoranda, telegrams, letters, transcripts, and communications; including, inquires, notes, notations, and memoranda of, or relating to, telephone and inter-office conversations, meetings, conferences, instructions, (verbal & writen), questionaries, diaries, statements, appointment books, computer inputs/outputs, microfilm, photographs, analysis, evaluations, minutes, notes, record of interviews, and/or other subject matter that may cross reference material pertaining to me. All such records should reflect date; originator; addressee; authorizer; title; subject matter; references; status/action and custodian/location. This should apply to and include materials reproduced by electronic; xerographic; or photographic means.

     Pursuant to the provisions of the FOIA and Privacy Act to permit me maximum access to these records within 10 working days after receipt by you of this request, this letter is herby submitted. If any material is deemed exempt, I request specific statements regarding the data deleted or withheld, a full statement for the reason and the specific. for same. In addition, a list (Rosen list) of all particulars of the documentation denied.

     My personal identification data is noted .above with my current address. Please acknowledge receipt hereof and foreward the material requested within the statutory period, as time is of the essence due to a liberty issue.

MY PRIOR RESIDENCE WAS:
   _3619 Loch Raven Blvd._
   Baltimore, Md. 21218

                                   Respectfully submitted,

_Dennie Norris, Case Manager_
Authorized by the Act of
July 27, 1955, to administer
oaths (18 USC 4004).               By, _Darren Keys_

U.S. Departm    of Justice

Executive Office for United States Attorneys

Freedom of Information/Privacy Act Staff

600 E Street, N.W., Room 7300

Washington, D.C. 20530

202-616-6757  Fax 202-616-6478

Requester: Darren Keys   Request Number: 07-2311-R

Government Component that referred material: U. S. Secret Service/Dept of Homeland Security

Dear Requester:

JUL 3 1 2007

    This is in reply to your Freedom of Information Act/Privacy Act request of July 22, 2003 . Records were referred to us by the government component above for direct response to you.

    The referred material has been considered under both the FOIA and the Privacy Act to provide you the greatest degree of access. Exemptions have been applied when deemed appropriate either for withholding records in full or for excising certain information. The exemptions cited are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [ X ] (j)(2) |
| [  ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [  ] (k)(2) |
| [ X ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (k)(5) |
| Rule 6(e) FRCP | [  ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | |

    We have reviewed approximately 120 page(s) of material:

_page(s) are being released in full (RIF);

2 page(s) are being released in part (RIP);

4 page(s) are withheld in full (WIF) and

~~no. release~~

    The remaining pages are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

    This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II

Assistant Director

Enclosure(s)

GOVERNMENT
EXHIBIT
G